IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE Z., <br><br> Claimant, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Respondent. | No. 20 CV 5808 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Claimant Stephanie Z.[1] ("Claimant") seeks review of the final decision of Respondent Kilolo Kijakazi,[2] Acting Commissioner of Social Security ("Commissioner"), denying Claimant's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 9]. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c), and the parties have filed cross-motions for summary judgment [ECF Nos. 22, 27] pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed below, Claimant's

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Acting Commissioner Kijakazi as the named defendant.

Motion for Summary Judgment [ECF No. 22] is granted and the Commissioner's Motion for Summary Judgment [ECF No. 27] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

## PROCEDURAL HISTORY

On September 19, 2016, Claimant filed a Title II application for DIB alleging disability beginning on June 27, 2016. (R. 356–62). Her claim was denied initially and upon reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). (R. 211–24). On March 5, 2018, Claimant appeared and testified at a hearing before ALJ Deborah M. Giesen. (R. 46–67, 103–48). ALJ Giesen also heard testimony on that date from impartial vocational expert ("VE") Gary Paul Wilhelm. (R. 148–61). On August 15, 2018, ALJ Giesen denied Claimant's claim for DIB. (R. 188–206).

The Appeals Council reviewed the ALJ's decision of August 15, 2018 and remanded the case on July 26, 2019 for the ALJ to review the state agency consultant's opinion regarding a possible fibromyalgia diagnosis, give further consideration to Claimant's maximum RFC during the "entire period at issue," and provide specific rational for the restrictions imposed. (R. 207–10). The ALJ held an additional hearing on December 19, 2019, at which Claimant (R. 61–81) and VE George Brian Paprocki (R. 81–93) testified. Claimant submitted additional medical records and evidence, and on February 21, 2020, ALJ Giesen again denied Claimant's claim for DIB. (R. 14–38).

In finding Claimant not disabled, the ALJ followed the five-step evaluation process required by Social Security regulations for individuals over the age of 18. See 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since June 27, 2016, her alleged onset date. (R. 16). At step two, the ALJ found Claimant had a severe impairment or combination of impairments as defined by 20 C.F.R. 404.1520(c). *Id.* Specifically, Claimant has degenerative disc disease of the cervical spine status post-surgery, degenerative disc disease of the lumbar spine, thoracic spine scoliosis, obesity, autoimmune hepatitis, ankylosing spondylitis, degenerative joint disease of the left hip with early avascular necrosis and labral tear with bilateral CAM deformities of hips and possible small fiber neuropathy. (R. 16–19). The ALJ also acknowledged two non-severe impairments – headaches and an anxiety disorder – and evaluated the "paragraph B" criteria, finding no limitation in any of the four broad areas of mental functioning. (R. 17–18). The ALJ also acknowledged, consistent with the prior remand by the Appeals Council, a non-medically determinable impairment of fibromyalgia. (R. 18–19).

At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–20). In particular, the ALJ noted listings 1.02, 1.04, 5.00, 11.04, and 14.09 and concluded, en masse, that "the medical evidence does not document listing-level severity and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination. (R. 19). The ALJ

3

also noted Claimant's obesity, but did not find it, in combination with Claimant's other impairments, met listing-level severity. (R. 19–20).

The ALJ then found Claimant had the residual functional capacity ("RFC") to:

"perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes or scaffolds and only occasionally climb ramps or stairs. The claimant can occasionally balance and stoop, but never kneel, crouch or crawl. The claimant cannot work around unprotected heights, open flames or unprotected dangerous machinery. She can never operate foot controls and is limited to work in an environment with moderate noise levels (per D.O.T. description-i.e., office level noise). The claimant is limited to work that accommodates the use of a cane/onehanded assistive device for ambulation. The claimant can frequently handle and finger bilaterally." (R. 20).

Based on this RFC, the ALJ found at step four that Claimant had past relevant work as a bartender/waitress and a receptionist. (R. 36). Crediting the VE's testimony, the ALJ concluded that the demands of Claimant's past work exceeded her residual functional capacity and so Claimant would not be able to perform that past relevant work as actually or generally performed. *Id.* The ALJ then concluded at step five that, considering Claimant's age, education, past work experience, and residual functional capacity, she is capable of performing other work within the national economy and that those jobs exist in significant numbers. (R. 37). Specifically, the VE's testimony, on which the ALJ relied, identified jobs at the sedentary exertional level including call out operator and surveillance system monitor. *Id.* The ALJ then found Claimant was not under a disability from June 27, 2016 through February 21, 2020, the date of his decision. (R. 37–38). The Appeals Council declined to review the matter for a second time on July 27, 2020, (R. 1–7), making the ALJ's decision the final decision of the Commissioner and, therefore,

reviewable by this Court. 42 U.S.C. § 405(g); *see, e.g., Smith v. Berryhill*, 139 S. Ct. 1765, 1775 (2019); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## STANDARD OF REVIEW

When a claimant files an application for disability benefits, he or she bears the burden under the Social Security Act of bringing forth evidence that proves his or her impairments are so severe that they prevent the performance of any substantial gainful activity. 42 U.S.C. § 423(d)(5)(A); *see Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (citing 42 U.S.C. § 423(d)(1)(A)). A five-step inquiry controls whether an individual is eligible for disability benefits under the Social Security Act, which the Seventh Circuit has summarized as follows:

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy."

*Butler v. Kijakazi,* 4 F.4th 498, 501 (7th Cir. 2021) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351–52 (7th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920). Claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022).

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause

for a rehearing." 42 U.S.C. § 405(g). Judicial review is limited to determining whether the ALJ's decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted); *see also,* 42 U.S.C. § 405(g); *Fowlkes v. Kijakazi*, 2021 WL 5191346, at *2 (7th Cir. 2021). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

However, even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not build a "logical bridge" from the evidence to the conclusion. *Wilder,* 22 F.4th 644 (citing *Butler,* 4 F.4th at 501). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008) (internal quotations omitted). The reviewing court may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *see also, Gribben v. Kijakazi,* 2022 WL 59404, at *2 (7th Cir. 2022) ("We do not reweigh the evidence or resolve conflicts in it."). "[O]nly if the record compels a contrary result" will the

court reverse the ALJ's decision. *Fowlkes*, 2021 WL 5191346, at *2 (quoting *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. 2010)).

## ANALYSIS

### I. Evidentiary Gap in the Medical Opinion Evidence

An ALJ "must rely on expert opinions instead of determining the significance of particular medical findings themselves." *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018). Here, the ALJ considered three medical opinions in formulating Claimant's RFC – state agency consultant Frank Mikeli's opinion dated December 12, 2016, state agency consultant Dr. James Hinchen's opinion dated April 20, 2017, and treating physician Dr. Michael Lee's opinion dated May 13, 2017. (R. 34–35, 163–72, 174–86, 1429–33). She afforded all three opinions "limited weight." *Id.* Dr. Lee was the last medical source to evaluate Claimant's limitations before the ALJ issued her final opinion on February 21, 2020.

The ALJ's choice to discount all medical opinion evidence in the record, compounded by the three-year period where no medical source evaluated Claimant's limitations, "created an evidentiary gap that rendered the ALJ's RFC unsupported by substantial evidence." *Ana M.A.A. v. Kijakazi*, 2021 WL 3930103, at *2 (N.D. Ill. 2021). While a claimant bears the burden of proving disability, the ALJ has a duty to develop a full and fair record – a duty she did not fulfill in this case. *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000). When the ALJ discounted all three medical opinions and realized that the medical opinion evidence leading up to the date of her opinion was almost three years stale, she had an obligation to recruit a medical expert or solicit updated opinions from Claimant's treating physicians to fill the resulting

7

evidentiary gap. *See Daniels v. Astrue,* 854 F. Supp. 2d 513, 523 (N.D. Ill. 2012). Without the aid of such an expert, the Court cannot determine whether the ALJ made supportable conclusions based on the record evidence, or improperly used her own opinions to fill the evidentiary void. This fatal flaw necessitates remand here.

That is not to say it was necessarily error for the ALJ to discount all three medical opinions contained in the record, for it is generally within the ALJ's purview to weigh medical opinions consistent with the regulations. 20 C.F.R. § 404.1520c(b)(2), (c)(1). But the consequences of the ALJ's decision to do so gives the Court some pause as to whether the RFC was supported by substantial evidence in a case where Claimant's multiple diagnoses – degenerative disc disease of the cervical spine and lumbar spine, thoracic spine scoliosis, obesity, autoimmune hepatitis, ankylosing spondylitis, degenerative joint disease of the left hip with early avascular necrosis and labral tear, headaches, and anxiety disorder – are likely to have complex, combined effects on her physical and mental functioning. The ALJ "cannot reject all the relevant medical RFC opinions and then construct a 'middle ground' and come up with [her] own RFC assessment without logically connecting the evidence to the RFC findings," particularly with a chasm as wide as three years without medical opinion evidence. *Darlene M. v. Kijakazi*, 2021 WL 3773291, at *5 (N.D. Ill. 2021) (cleaned up); *see also, Suide v. Astrue,* 371 Fed.Appx. 684 (7th Cir. 2010) (an ALJ may not substitute her lay opinion for all other medical sources in record); *Kara v. Kijakazi*, 2022 WL 4245022, at *2 (E.D. Wis. 2022) ("The freedom to discount certain medical opinions is not the same as the freedom to substitute layperson opinion.").

8

Because this Court cannot say with reasonable certainty that the ALJ adequately developed the record between 2017 and 2020, or that she did not "substitute [her] own judgment for a physician's opinion without relying on other medical evidence or authority in the record," *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000), remand is required for a more fulsome development of the record, evaluation of Claimant's limitations, and recruitment of a medical expert, if necessary.

## II.     Other Issues

The Court is remanding on the error identified above regarding the significant evidentiary gap in the medical opinion evidence. Remanding on this ground will necessarily affect the ALJ's RFC assessment and, therefore, the other issues Claimant has raised here on appeal. The Court, accordingly, sees no need to lengthen this Memorandum Opinion and Order by addressing Claimant's other arguments in a case that is being remanded anyway. This approach is particularly suited to a case like this one where Claimant chose the much-maligned "kitchen sink" approach to attacking the ALJ's opinion, raising dozens of issues purportedly requiring remand but failing to develop those arguments beyond a single sentence or a general string citation. *Nash v. Colvin,* 2016 WL 4798957, at *7 n.7 (N.D. Ill. 2016). "Not only does the 'kitchen sink' approach to briefing cause distraction and confusion, it also 'consumes space that should be devoted to developing the arguments with some promise.'" *Dynegy Mktg. & Trade v. Multiut Corp.,* 648 F.3d 506, 513 (7th Cir. 2011) (quoting *Howard v. Gramley*, 225 F.3d 784, 791 (7th Cir. 2000)).

9

The Court expresses no opinion on Claimant's undeveloped arguments, or the decision to be made on remand. But the Court does encourage the Commissioner to do what is necessary to build a logical bridge between the evidence in the record and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## CONCLUSION

Accordingly, for all these reasons, Claimant's Motion for Summary Judgment [ECF No. 22] is granted and the Commissioner's Motion for Summary Judgment [ECF No. 27] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   March 20, 2023